UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MICHAEL TROFATTER #141756,

        Plaintiff,

v

PATRICIA CARUSO, *et al.*,

        Defendants.

NO. 1:08-cv-1018

HON. ROBERT J. JONKER

MAG. HUGH W. BRENNEMAN, JR.

---

Michael Trofatter #141756
*In Pro Per*
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI   49201

Julia R. Bell (P35367)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI   48909
(517) 335-7021

CHAPMAN AND ASSOCIATES, PC
Ronald W. Chapman (P37603)
Kimberley A. Koester (P48967)
Attorneys for Defendants PA Lanore,
  Drs. Hutchinson and Kim
40950 North Woodward, Suite 120
Bloomfield Hills, Mi  48304
(248) 644-6326

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY AND ELEVENTH AMENDMENT IMMUNITY

Michael A. Cox
Attorney General

Julia R. Bell (P35367)
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI   48909
Phone:  (517) 335-7021
Email:  belljr@michigan.gov
[P35367]

Date:  March 23, 2009

## STATEMENT OF THE ISSUES PRESENTED

A prison inmate sues the Michigan Department of Corrections and various prison officials and employees pursuant to 42 USC § 1983 asserting a violation of his Eighth Amendment rights.  The claim is based on averments of ongoing medical care and the inmate's claim that additional tests should have been ordered and a different course of treatment utilized. Moreover, none of the instant Defendants were personally involved in the provision of medical care to the inmate.

I.      Are the defendants entitled to qualified immunity in their individual capacities based on the plaintiff's inability to demonstrate their personal involvement in the activity forming the basis of his claims?

The defendants answer "Yes".
The plaintiff would answer "No".

II.     Are the MDOC and the individual defendants, in their official capacities, immune from suit under the Eleventh Amendment?

The defendants answer "Yes".
The plaintiff would answer "No".

i

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

When a state actor is sued in his individual capacity for alleged constitutional violations, the action is barred by qualified immunity where the plaintiff fails to present facts establishing the defendant's violation of "clearly established" constitutional or statutory rights of which a reasonable person would have known.  *Harlow v Fitzgerald*, 457 US 800, 818 (1982); *Siegert v Gilley*, 500 US 226, 232 (1991); *Williams v Mehra*, 186 F3d 685, 690 (CA 6, 1999).  A claim asserted under 42 USC § 1983 fails as a matter of law where there are no facts showing that the defendant was personally involved in the activity forming the basis of the claims asserted against him.  *Rizzo v Goode*, 423 US 362 (1976); *Bellamy v Bradley*, 729 F2d 416 (CA 6), *cert den*, 469 US 845 (1984).

Moreover, when a State agency is sued and its' officials and employees are sued in their official capacities, the lawsuit is barred by Eleventh Amendment immunity.  *Board of Trustees of Univ of Ala v Garrett*, 531 US 356 (2001); *Pennhurst State School & Hospital v Halderman*, 465 US 89, 98 (1984); *Brandon v Holt*, 469 US 464, 471 (1985).

ii

**STATEMENT OF THE FACTS**

The plaintiff, Michigan Department of Corrections (MDOC) inmate Michael Trofatter, filed this action pursuant to 42 USC § 1983 asserting Eighth Amendment deliberate indifference claims against the MDOC and various prison officials, employees, and contractual medical providers.  The inmate, who is proceeding *pro se*, claims the defendants have provided inadequate dental care and inadequate pain relief for degenerative disc disease.  He avers individual and official capacities and seeks monetary damages and injunctive relief.  [D/E #1].

Defendant Caruso is the Director of the MDOC; Defendant Russell is an Administrative Assistant in MDOC's Central Office; Defendant Van Setters is the Regional Director of Nursing; Defendant Harry is the Warden at Muskegon Correctional Facility (MCF); Defendant Whalen is the MCF Health Unit Manager; Defendant Berghuis is Warden at Brooks Correctional Facility (LRF); Defendant Thompson is Health Unit Manager at (MTF); and Defendant Teed is Health Unit Manager at Mid-Michigan Correctional Facility (STF).

The plaintiff avers a series of medical examinations, diagnostic testing, submission of his case to the Pain Management Committee for a medical plan, medication prescriptions in various varying dosages, and the issuance of a Special Medical Accommodation with a lifting restriction. The inmate further avers receipt of a "very thorough dental examination" and follow-up dental treatment.  [See D/E #1 at ππ 3, 5, 8, 12-18, 21, 22, 24, 27, 28, 34].  The plaintiff's contention that the medical and dental care provided him are based on his dissatisfaction with his physician's failure to recommend surgery; doctors' failure to order specific medical tests; a nursing supervisor's alleged refusal to place outside medical tests in his medical file; and dissatisfaction with the length of time the Pain Management Committee took to make a decision and dissatisfaction with the recommended and planned course of treatment in terms of the medications prescribed.  [See D/E #1 at ππ 2, 4, 7, 8, 11, 16, 17, 19, 20, 22, 24, 26, 30, 32, 34].

Moreover, only three of the instant defendants are even mentioned in the body of the plaintiff's complaint.  Plaintiff avers Defendant Harry's and Defendant Caruso's office denial of a grievance he filed regarding his medical complaints (D/E #1, π 9); he indicates that he sent a grievance appeal to Defendant  Berghuis that was forwarded to medical personnel for a response (D/E #1, π 32); and that he received a Step II grievance appeal response from Defendant Teed (D/E #1, π 33).  The balance of the averments are conclusory assertions that various defendants violated policy and acted with indifference to his medical needs through acts or omissions (D/E #1, ππ 41-45).

2

**ARGUMENT**

**I.      The Defendants are entitled to entry of judgment as a matter of law based on the plaintiff's inability to demonstrate their personal involvement in the activity forming the basis of his civil rights action.**

The Defendants are immune from suit in their individual capacities pursuant to the doctrine of qualified immunity.

Qualified immunity shields a state actor sued in his individual capacity where there is no showing that the Defendants violated clearly established rights of which a reasonable person would have known.[1]  Prior to determining whether a right is clearly established and prior to entertaining summary judgment where qualified immunity has been asserted, a court must first determine "whether the plaintiff has asserted a violation of a constitutional right at all."[2]  The Sixth Circuit has articulated a three-step test to determine whether a state actor is entitled to the defense of qualified immunity:  (1) whether a constitutional violation has occurred; (2) whether the right that was violated was a clearly established right of which a reasonable person would have known; and (3) whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.[3]

In an action filed under 42 USC § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law.[4]  Any claim advanced under the statute requires a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint.[5]  A party

---

[1] *Harlow v Fitzgerald*, 457 US 800, 818 (1982).
[2] *Siegert v Gilley*, 500 US 226, 232 (1991).
[3] *Williams v Mehra*, 186 F3d 685, 690 (CA 6 1999).
[4] *Berger v City of Mayfield Heights*, 265 F3d 399, 406 (CA 6, 2001).
[5] *Rizzo v Goode*, 423 US 362 (1976); *Bellamy v Bradley*, 729 F2d 416 (CA 6), *cert den*, 469 US 845 (1984).

cannot be held liable under 42 USC § 1983 absent a showing that she personally participated in

or otherwise authorized, approved or knowingly acquiesced in the allegedly unconstitutional

conduct of an offending subordinate.[6]

"The purpose of the qualified immunity defense is to protect public officials from undue

interference with their duties and from potentially disabling threats of liability."[7]  When a

defendant raises the defense of qualified immunity, the plaintiff bears the burden of

demonstrating that the defendant is not entitled to qualified immunity.[8]  The plaintiff asserts

claims against the defendants under 42 USC § 1983 based on allegations that the medical care

and dental care provided him have been inadequate.  However, there are no facts averred

implicating any of the instant defendants in the provision of the inmate's medical and dental care.

Moreover, the plaintiff's averments of the provision of dental treatment and ongoing

medical care set forth no facts showing any of this defendant's approval of or acquiesce in any of

their subordinate's alleged violations of the plaintiff's federal rights.  In the only factual averment

against any of the instant defendants, the plaintiff demonstrates, at most, their participation in the

prison grievance process and/or their alleged knowledge of his complaints and a failure to act on

those complaints.  However, a party cannot be held liable under 42 USC § 1983 based on the fact

that he or she denied an inmate's grievance or failed to act on information contained in a

grievance.[9]

When reviewing a claim of qualified immunity, the court should first examine the

threshold question of whether the plaintiff's allegations, even if true, state a claim for violation

---

[6] *Leach v Shelby Co Sheriff*, 891 F2d 1241, 1246 (CA 6, 1989), *cert den*, 495 US 932 (1990); *Hays v Jefferson*, 668 F2d 869, 874 (CA 6), *cert den*, 459 US 833 (1982).
[7] *Perez v Oakland County*, 466 F3d 416, 426 (CA 6, 2006); *also see Vakilan v* Shaw, 335 F3d 509, 516 (CA 6, 2003).
[8] *See Haynes v City of Circleville*, 474 F3d 357, 362 (CA 6, 2007); *Baker v City of Hamilton*, 471 F3d 601, 605 (CA 6, 2006); *Silberstein v City of Dayton*, 440 F3d 306, 311 (CA 6, 2006).
[9] *Shehee v Lutrell*, 199 F3d 295, 300 (CA 6, 1999).

of a federally guaranteed right.[10]   Plaintiff cannot demonstrate that any of the defendants were personally involved in denying him access to medical, delaying his access to medical care, or otherwise providing him with "inadequate" medical care.  The pleadings indicate that these defendants have been sued based solely on their supervisory positions and/or because the inmate has come across their names on grievance documents.  The defendants are entitled to qualified immunity in their individual capacities based on the plaintiff's inability to demonstrate their personal involvement in the activity forming the basis of the claims asserted against them.

**II.     The MDOC and the Defendants, in their official capacities, are immune from suit under the Eleventh Amendment.**

The Eleventh Amendment bars any suit, absent consent, against the state and provides:[11]

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Supreme Court has held that that amendment's fundamental principles of sovereign immunity negate federal exercise of jurisdiction over suits by citizens against their own states as well.[12]  The State of Michigan has not consented to be sued in civil rights actions in federal court.[13]  Moreover, a suit against a state agency or one of its officials or employees in his or her official capacity is tantamount to a suit against the state itself and must be dismissed on the basis of Eleventh Amendment immunity.[14]

---

[10] *See Sigert v Gilley*, 500 US 226, 232-33 (1991); *Blair v Meade*, 76 F3d 97 (CA 6, 1996); *Ward v Dyke*, 58 F3d 271, 273 (CA 6), *cert den*, 116 S Ct 524 (1995).

[11] US CONST amend XI.

[12] *Board of Trustees of Univ of Ala v Garrett*, 531 US 356 (2001); *Pennhurst State School & Hospital v Halderman*, 465 US 89, 98 (1984); *Mumford v Basinski*, 105 F3d 264, 267 n3 (CA 6, 1997).

[13] *See Abick v Michigan*, 803 F2d 874, 877 (CA 6, 1986).

[14] *See Brandon v Holt*, 469 US 464, 471 (1985); *Will v Michigan Dept of State Police*, 491 US 58 (1989).

A State's sovereign immunity may be abrogated if necessary to end a continuing violation of federal law by governing future conduct.[15]  There has been no showing here of a continuing violation of the plaintiff's Eighth Amendment rights.  The Eighth Amendment applies to punishment that involves the unnecessary and wanton infliction of pain.[16]  Deliberate indifference to the serious medical needs of prison inmates constitutes the unnecessary and wanton infliction of pain.[17]  In the seminal case on inmate Eighth Amendment deliberate indifference claims based on medical care, the inmate was seen by medical personnel on 17 occasions spanning a three-month period.  Medical staff treated the inmate's back injury, high blood pressure, and his heart problems on an ongoing basis.  The inmate's back pain was treated with bed rest, muscle relaxants and pain relievers, and the inmate claimed that more should have been done and that other tests would have led to a more appropriate diagnosis and treatment. The Supreme Court held as follows:[18]

> ...[T]he question whether an x-ray – or additional diagnostic techniques or forms of treatment – is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act.

Here, the plaintiff alleges that he was given medical and dental examinations when he was processed as a new commitment to the MDOC.  He indicates that medical staff at the processing facility indicated that medical tests could be performed at that time and treatment could be begun based on those tests, but such would delay the inmate's placement at a facility.  Thereafter, Plaintiff avers ongoing medical appointments and indicates at facilities to which he transferred;

---

[15] *See Pennhurst State Sch & Hosp v Halderman*, 465 US 89, 105, (1984); *Banas v Dempsey*, 742 F2d 277, 287 (CA 6 1984), *affd sub nom, Green v Mansour*, 474 US 64 (1985).
[16] *Hudson v McMillan*, 503 US 1 (1992).
[17] *Estelle v Gamble*, 429 US 97 (1976).
[18] *Estelle*, 429 US at 107.

and he indicates that the doctors order medical tests, sought assistance in managing his back pain, and prescribed various medications.  The inmate has, at most, stated a claim for malpractice under state law.  He has not averred facts demonstrating a continuing violation of his Eighth Amendment rights; therefore the claims asserted against the MDOC and the individual defendants in their official capacities are barred by Eleventh Amendment immunity.

## CONCLUSION

For the reasons stated, Defendants respectfully requests that the Court grant their motion and dismiss the claims asserted against them with prejudice.

Respectfully submitted,

Michael A. Cox
Attorney General


*s/  Julia R. Bell*
JULIA R. BELL (P35367)
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI   48909
Phone:  (517) 335-7021
Email:  belljr@michigan.gov

Date:   March 23, 2009                    [P35367]
Bell\2009 FED\20090000337A Trofatter\Brf in Sup of MSJ

7