UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TROFATTER,

    Plaintiff,

v.

PATRICIA CARUSO, *et al.*,

    Defendants.
_____/

CASE NO. 1:08-CV-1018

HON. ROBERT J. JONKER

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 51) and Plaintiff Michael Troffater's Objections to it (docket # 57). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the motion for summary judgment filed by Defendants Craig Hutchinson, Jason Kim, and Thomas Lanore (docket # 24) be granted. It

concludes that Mr. Trofatter failed to exhaust his administrative remedies against these three Defendants. It further recommends that the motion for summary judgment filed by Defendants Patricia Caruso, Richard Russell, Julie Van Setters, Shirlee A. Harry, Helen Thompson, Michael Walen, Mary Berghuis, and Samuel Teed (docket # 26) be granted on a variety of independent grounds, including qualified immunity, Eleventh Amendment immunity and failure to state a claim of deliberate indifference to serious medical need under the Eighth Amendment. Mr. Trofatter raises several objections to the Report and Recommendation, none of which undermine its conclusions.

Mr. Trofatter first objects that his claim sufficiently states that Defendants violated his Eighth Amendment rights by unreasonably denying him care and delaying his care. He further alleges that he put forward sufficient evidence to survive summary judgment on this claim. These contentions are without merit. Mr. Trofatter has failed to state a claim for a violation of his Eighth Amendment rights. "[R]outine discomfort is part of the penalty that criminal offenders pay" while incarcerated. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (internal quotation marks omitted). All of Mr. Trofatter's complaints regarding his allegedly inadequate medical care arise from his disagreement with the course of treatment. He alleges that he has received treatment, but he is dissatisfied with it because he wants back surgery, additional and different medical tests, and a particular dosage of a particular pain medication. In all instances, Mr. Trofatter alleges that he is receiving medication and treatment, but he wishes to receive a different course of medication and treatment for his ailments. Mr. Trofatter's disagreement with his course of medical treatment does not state a federal constitutional claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976);

*Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *see Estelle v. Gamble*, 429 U.S 97, 107 (1976). Accordingly, the Magistrate Judge properly dismissed these claims.

Mr. Trofatter second objects that Dr. Hutchinson and other unnamed doctors, nurses, and support staff violated his Eighth Amendment rights and that he properly exhausted his administrative remedies against them. This contention, too, is without merit, because Mr. Trofatter failed to name Dr. Hutchinson, Dr. Kim, or Physician's Assistant Lanore in any grievance. Accordingly, the Report and Recommendation properly concluded that Mr. Trofatter failed to exhaust his remedies against them and they are entitled to have the action dismissed against them. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Sullivan v. Kasajaru*, 316 Fed. App'x 469, 470 (6th Cir. 2009); PD 03.02.130 (requiring a prisoner to name the person against whom he is filing the grievance).

Mr. Trofatter third objects that Defendants are liable as supervisors because they knowingly acquiesced in the unconstitutional activities of their subordinates. This contention, too, is without merit. The Magistrate Judge properly dismissed the claims against Defendants Harry, Berghuis and Tweed for failure to state a claim because Mr. Trofatter alleges merely that these individuals denied his administrative grievance. That allegation is insufficient to state a claim under section 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Indeed, section 1983 liability "must be based on more than respondeat superior, or the right to control employees." *Id.* It cannot be premised on a mere failure to act. *Id.* With regard to Defendants Carus, Russell, Harry, Van Setters, Whalen, and Thompson, Mr. Trofatter has alleged nothing more than, at most, a mere failure to act. Accordingly, the Magistrate Judge also properly dismissed on the pleadings the claims against these defendants.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 19, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants Craig Hutchinson, Jason Kim, and Thomas Lanore (docket # 24) and the motion for summary judgment filed by Defendants Patricia Caruso, Richard Russell, Julie Van Setters, Shirlee A. Harry, Helen Thompson, Michael Walen, Mary Berghuis, and Samuel Teed (docket # 26) are **GRANTED**.

Dated:   March 17, 2010          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE