UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL TROFATTER,

    Plaintiff,

v.

PATRICIA CARUSO, *et al.*,

    Defendants.

_____/

CASE NO. 1:08-CV-1018

HON. ROBERT J. JONKER


# ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 118), Plaintiff Trofatter's Verified Objections to the Report and Recommendation (docket # 131), and Defendant Daniel Spitters. P.A.'s Response to Plaintiff's Objections (docket # 135). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections; and Defendant Spitters's Response. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends granting Defendant Spitters's motion to dismiss under FED. R. CIV. P. 12(b)(6) (docket # 69), because Mr. Trofatter did not properly exhaust his administrative remedies as to Defendant Spitters. (R. and R., docket # 118, 4-9.) Specifically, although Mr. Trofatter filed multiple prison grievances regarding the various claims asserted in this action, not once did he name Defendant Spitters in any of those grievances as required by MDOC Policy Directive 03.02.130. (*Id.* at 8.)

Mr. Trofatter filed his objections to the Report and Recommendation dated December 20, 2010, on January 18, 2011, well beyond the fourteen-day objection period provided in LCivR 72.3(b). Mr. Trofatter asserts that he did not receive the Report and Recommendation until December 27, 2010, and that the deadline to file his objections should be extended to January 10, 2011. (Obj., docket # 131, at 1.) Even assuming for the purposes of argument that the proper deadline is, as Mr. Trofatter claims, January 10, 2011, the objections are still untimely. This alone is sufficient reason to deny the objections. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Even if Mr. Trofatter's objections had been filed timely, his objections fail on the merits. None of Mr. Trofatter's objections changes the fundamental point that based even on his own

statements, he failed to exhaust.  Mr. Trofatter concedes that his grievances did not name Defendant Spitters.  (Obj., docket # 131, at 3.)  The Magistrate Judge properly decided Defendant Spitters's motion to dismiss (docket # 69), and Mr. Trofatter's objections do not change the analysis.  *See Sullivan v. Kasajaru*, 316 F. Appx. 469, 470 (6th Cir. 2009) (affirming dismissal for lack of exhaustion where plaintiff failed to comply with MDOC Policy Directive No. 03.02.130, which explicitly required him to name in grievance each person against whom he grieved).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 118) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Daniel Spitters, P.A.'s Motion to Dismiss (docket # 69) is **GRANTED**, and Defendant Daniel Spitters, P.A. is **TERMINATED** from the case.

**IT IS FURTHER ORDERED** that for the same reasons that the Court grants Defendant Spitters's Motion to Dismiss, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:     March 15, 2011              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE