UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TROFATTER,

        Plaintiff,

Case No. 1:08-cv-1018

Hon. Robert J. Jonker

v.

PATRICIA CARUSO, *et al.*,

        Defendants.

                       /

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion for summary judgment filed by defendants Walter Ormes and Kevin Murphy (docket no. 120).

    **I.**    **Background**

Plaintiff has sued 40 defendants in their individual and official capacities with respect to his medical treatment. Three defendants remain: Walter Ormes, D.D.S., Ph.D.; Kevin Murphy, D.D.S.; and Dr. Relyee. The present motion relates to plaintiff's claims against the two dentists, Dr. Ormes and Dr. Murphy.

Plaintiff's complaint includes the following allegations related to his dental care. Plaintiff arrived at the MDOC's Charles Egeler Reception and Guidance Center (RCG) on January 26, 2006. Compl. at ¶2. Approximately 10 days later, plaintiff received a "very thorough" dental examination which mapped his missing teeth, the condition of his remaining teeth, the existence of periodontal disease and the need for dentures. *Id.* at ¶ 3. Plaintiff was transferred to Muskegon Correctional Facility (MCF) on March 2, 2006. *Id.* at ¶ 5. Plaintiff alleged that his dental treatment

was delayed from April 2006 through August 2006. *Id.* at ¶ 7. During that time, he submitted several health care request forms to MCF's dental provider seeking treatment and was subject to needless pain and suffering due to a lack of treatment in violation of his constitutionally protected rights. *Id.* Plaintiff's later identified the "MCF Dentist, John Doe #4" as Dr. Murphy. Plaintiff's only allegations concerning Dr. Ormes is set forth in ¶ 8 as follows:

> It was only after the grievance that MCF's dental care provider began to earnestly provide plaintiff with adequate dental care. Care which the MDOC Region II, Dental Director, Dr. Walter Ormes, refused to acknowledge or remedy with any affirmative action.

*Id.* at ¶ 8. Plaintiff seeks injunctive and compensatory relief from Dr. Ormes and Dr. Murphy for pain, suffering, and deliberate indifference to his dental complaints and needs. *Id.* at ¶¶ I and J.

## II. Defendants motion for summary judgment

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

2

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.    Eighth Amendment claim for deliberate indifference**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

It is well established that an inmate has a cause of action under § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Hudson*, 503 U.S. at 8-9. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition

4

does not constitute an Eighth Amendment violation. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### 1. Dr. Ormes

Dr. Ormes was the Regional Dental Manager at the Riverside Correctional Facility in Ionia, Michigan. Ormes Aff. at ¶ 1 (docket no. 121-2). He left state service on December 15, 2006. *Id.* at ¶ 7. As Regional Dental Manager, Dr. Ormes was charged with providing clinical and administrative dental services to 16 correctional dental clinics in Region II of the MDOC. *Id.* at ¶ 3. Dr. Ormes' only clinical or administrative interaction with plaintiff was responding to a Step II grievance on September 29, 2006. *Id.* at ¶ 8. Plaintiff has not identified any other interaction with this defendant. A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003). *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (observing that the denial of an appeal of a grievance complaining of inadequate medical care is not the same as the actual denial of a request to receive medical care). Accordingly, Dr. Ormes is entitled to summary judgment on this claim.

### 2. Dr. Murphy

Plaintiff's only allegation against Dr. Murphy (i.e., the "MCF dental provider") is that he "continuously delayed" treatment subjecting plaintiff to needless pain and suffering and only "began to earnestly provide plaintiff with adequate dental care" after plaintiff filed a grievance. Compl. at ¶¶ 7-8.

Dr. Murphy contends that plaintiff's complaint is deficient because it fails to allege personal involvement sufficient to impose personal liability. "Personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 Fed.Appx. 972, 974 (6th Cir. 2011). *See Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) ("[i]t is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions"). After reviewing the record, the court concludes that plaintiff has sufficiently identified Dr. Murphy's personal involvement (discussed below), as part of his claim that Dr. Murphy was the MCF dentist who failed to provide him with treatment from April through August 2006.

However, the court agrees with Dr. Murphy that plaintiff's claim is barred by 42 U.S.C. § 1997e(e) because he has not alleged any physical injury. Section 1997e(e) provides that"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit has determined that while the physical injury required by § 1997e(e) "need not be significant," such an injury "must be more than *de minimis* for an Eighth Amendment claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (court held that the plaintiff prisoner met the physical injury requirement of § 1997e(e) where he was deprived of toothpaste for 337 days, after which he was diagnosed with periodontal disease of the gums and one tooth was extracted).

Here, plaintiff has neither alleged that he suffered a physical injury due to the alleged failure to receive adequate and "earnest" dental care between April and August of 2006, nor has he presented evidence of any such injury. The record reflects that plaintiff sent only two requests to the dental clinic between the months of April and August of 2006, i.e., one dated April 6, 2006 and

6

the other dated August 2, 2006. Ormes Aff. at ¶ 4. Plaintiff was seen for his initial dental complaint on April 28, 2006, and a tooth extracted on May 19, 2006. *Id.* at ¶ 5. Plaintiff was then placed on the "exam list" for "routine care," which meant that plaintiff had to wait to receive routine dental care behind those prisoners who preceded him on the list, with emergent and urgent patients having priority for treatment. *Id.* Plaintiff's August 2, 2006 request was routine and did not mention pain or a toothache. *Id.* at ¶ 6. Plaintiff sent another health care request on September 5, 2006, involving a possible toothache. *Id.* He was seen the next day at the dental clinic to evaluate the toothache. *Id.* Plaintiff was given antibiotics and pain medication. *Id.* The dentist scheduled plaintiff for extractions, which were performed on September 28, 2006. *Id.*

Plaintiff alleged in his complaint that he had poor dental health when he arrived at the MDOC in January 2006, with missing teeth, periodontal disease and the need for dentures. Compl. at ¶ 3. According to Dr. Ormes' affidavit, the record reflects that between April and August 2006, the dentist at MCF (i.e., Dr. Murphy) responded to plaintiff's requests for dental care in a timely manner, and treated him with antibiotics, pain medication and ultimately the extraction of teeth. Based on this record, plaintiff has not shown any physical injury as a result of Dr. Murphy's actions between April and August 2006.

Furthermore, while plaintiff complains that Dr. Murphy continuously delayed dental treatment subjecting him to needless pain and suffering, the record does not support this claim. On the contrary, the record reflects that Dr. Murphy provided plaintiff with adequate dental care during that time period at issue in this litiation. While plaintiff has expressed his dissatisfaction with some of the dental care received at MCF, his discontent cannot form the basis for a federal constitutional claim. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial

7

of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). This action falls in the latter category. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id. See Owens v. Hutchinson*, 79 Fed. Appx. 159, 161 (6th Cir. 2003) ("[a] patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim"). *See also*, *Woodberry v. Simmons*, 146 Fed.Appx. 976, 977 (10th Cir. 2005) ("a difference of opinion between a prisoner and the prison medical staff about medical treatment does not constitute deliberate indifference"). The record reflects that plaintiff received dental treatment from April through August 2006. Plaintiff's claim does not rise to a federal constitutional violation. At most, plaintiff has alleged no more than medical malpractice. Accordingly, Dr. Murphy is entitled to summary judgment on this claim.

### III.     Recommendation

For the reasons set forth above, I respectfully recommend that Dr. Ormes and Dr. Murphy's motion for summary judgment (docket no. 120) be **GRANTED** and that they be dismissed from this lawsuit.

Dated:  June 27, 2011                                              /s/ Hugh W. Brenneman, Jr.
                                                                                   HUGH W. BRENNEMAN, JR.
                                                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).